IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

ATLANTIS CAR CARE, INC.,                )
                                         )
                Plaintiff,               )
                                         )
vs.                                      )   Case No. CIV-19-524-D
                                         )
THE PHOENIX INSURANCE                    )
COMPANY,                                 )
                                         )
                Defendant.               )

# **O R D E R**

Before the Court is Defendant's Motion to Dismiss [Doc. No. 18], filed pursuant to Fed. R. Civ. P. 12(b)(6). Defendant seeks only a partial dismissal of the Second Amended Complaint [Doc. No. 12], asserting that Plaintiff fails to state a tort claim under Oklahoma law for bad faith conduct by Defendant in handling Plaintiff's insurance claim.[1]

Plaintiff has responded [Doc. No. 21] in opposition to the Motion, and Defendant has replied [Doc. No. 22]. Thus, the Motion is fully briefed and ripe for decision.

---

[1] Defendant also purports to seek dismissal of a claim for punitive damages. However, a request for punitive damages constitutes a prayer for relief, not a separate cause of action. *See Coll v. First Am. Title Ins. Co.*, 642 F.3d 876, 901 (10th Cir. 2011) ("the prayer for relief is no part of the cause of action and . . . the parties are entitled to such relief and to such judgment as the complaint . . . makes out") (internal quotation omitted); *Schoonover v. Schoonover*, 172 F.2d 526, 530 (10th Cir. 1949) (same). A Rule 12(b)(6) motion tests the sufficiency of a claim; it is not a proper mechanism for challenging a request for punitive damages. *See Douglas v. Miller*, 864 F.Supp.2d 1205, 1220 (W.D. Okla. 2012) ("[W]hether [punitive] damages are recoverable is not a proper subject for adjudication in a Rule 12(b)(6) motion, as the prayer for relief is not a part of the cause of action."); *see also Dingxi Longhai Dairy, Ltd. v. Becwood Tech. Grp. L.L.C.*, 635 F.3d 1106, 1108 (8th Cir. 2011); 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1255 at 508-09 (3d ed. 2004); Fed. R. Civ. P. 54(c) (judgment "should grant the relief to which each party is entitled").

## Factual and Procedural Background

Plaintiff brings this action to recover damages for breach of contract and bad faith based on allegations that Defendant, as its property insurer, unreasonably failed to timely investigate, adjust, and pay an insurance claim for covered hail damage to Plaintiff's property. By its Motion, Defendant asserts that the Second Amended Complaint fails to state a plausible claim of insurer's bad faith under federal pleading standards. Plaintiff contends the factual allegations of the Second Amended Complaint are sufficient but, alternatively, requests leave to amend its pleading if the Court finds a deficiency.[2]

## Standard of Decision

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Robbins v. Oklahoma*, 519 F. 3d 1242, 1247 (10th Cir. 2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *See id*. at 679. Thus, for example, "[a] simple negligence action based on an automobile accident may require little more than the allegation that the defendant negligently struck the plaintiff with his car while crossing

---

[2] Prior amendments of the Complaint were made only to identify the proper defendant.

a particular highway on a specified date and time." *Robbins*, 519 F.3d at 1248. The question to be decided is "whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (internal quotation omitted).

### Plaintiff's Allegations

Accepting the allegations of the Second Amended Complaint as true, Defendant issued an insurance policy to Plaintiff for a commercial property in Norman, Oklahoma, that sustained hail damage on June 7, 2018. The damage was a covered loss under the policy, and Plaintiff timely submitted a claim to Defendant for the loss. However, Defendant failed to properly investigate and evaluate the claim, and breached the insurance contract by offering to pay for only a partial roof repair. "Defendant's own investigation demonstrated that such a repair could not be completed and that a complete roof replacement was necessary." *See* Second Am. Compl. ¶¶ 15, 17. Plaintiff explains more specifically as follows:

> [T]he evidence gathered during the claim investigation demonstrated that Defendant's proposed partial parapet wall repair could not be done due to the age and condition of the roof. In the face of this evidence, Defendant took the unreasonable position that it didn't matter, and stated that Plaintiff should just find a different roofer that was willing to make the improper repair anyway.

*Id*. Further, Defendant "refus[ed] to consider additional information provided by Plaintiff's roofing contractor regarding the infeasibility and unreasonableness of Defendant's proposed parapet wall repair." *Id*.

3

**Discussion**

Defendant contends Plaintiff's allegations are conclusory and provide insufficient facts to state a claim of insurer's bad faith. Defendant argues that the Second Amended Complaint merely "demonstrate[s] a difference of opinion where [Plaintiff's] roofer and [Defendant] disagreed on the repairs necessary[;] simply making a conclusory statement that Defendant's position is unreasonable does not establish bad faith." *See* Def.'s Mot. Dismiss [Doc. No. 18] at 5.[3]

To establish a breach of Defendant's duty of good faith and fair dealing with its insured, Plaintiff must show that Defendant breached the insurance contract and, in so doing, acted in a manner constituting bad faith. *See Brown v. Patel*, 157 P.3d 117, 121 (Okla. 2007); *Badillo v. Mid Century Ins. Co.*, 121 P.3d 1080, 1093 (Okla. 2005). Although an insurer may reasonably refuse to pay a disputed claim, "a legitimate dispute as to coverage will not act as an impenetrable shield against a valid claim of bad faith;" for example, an inadequate investigation of a claim may permit a finding that the insurer acted unreasonably and in bad faith. *See Timberlake Const. Co. v. U.S. Fidelity & Guar. Co.*,

---

[3] Defendant relies on two unpublished opinions and submits copies with its Motion [Doc. Nos. 18-1 and 18-2]. The Court finds neither to be persuasive. In *Coonce v. CSAA Fire and Casualty Insurance Co.*, 748 F.3d 782, 785 (10th Cir. 2018), the dismissal of a bad faith claim was affirmed because the plaintiff failed to allege a plausible claim for coverage and "when a court concludes there was no breach of an insurance policy, it follows a company's denial of coverage was not unreasonable." In *Rivera v. Hartford Insurance Co.*, No. CIV-14-1082-HE, 2014 WL 7335320, *4 (W.D. Okla. Dec. 19, 2014), the plaintiffs made conclusory allegations that the insurer's "investigation was 'outcome oriented' rather than 'fair and objective,' but offer[ed] no specifics other than their disagreement with the policy benefits they received;" the bad faith claim was dismissed with leave to amend.

71 F.3d 335, 343, 345 (10th Cir. 1995); *see also Bannister v. State Farm Mut. Auto. Ins. Co.*, 692 F.3d 1117, 1127-28 (10th Cir. 2012).

Upon examination of the Second Amended Complaint, the Court finds the sufficiency of Plaintiff's allegations to state a plausible claim presents a close question. In the Court's view, however, the Second Amended Complaint contains factual allegations that show more than a disagreement between the parties in the adjustment of Plaintiff's insurance claim. Plaintiff alleges that Defendant demanded a partial roof repair that could not actually be completed, and that Defendant refused to consider evidence that a total roof replacement was necessary. These allegations may be enough, if proven, to establish a breach of Defendant's duty to deal fairly and in good faith with its insured.

Under the current application of Rule 12(b)(6), the notice pleading standard of "Rule 8(a)(2) still lives." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (quoting *Twombly*, 550 U.S. at 555). In this case, the Court finds minimally sufficient factual allegations to state a claim of insurer's bad faith and, therefore, dismissal of Plaintiff's tort claim is not warranted.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss [Doc. No. 18] is DENIED.

**IT IS SO ORDERED** this 19th day of August 2019.

TIMOTHY D. DeGIUSTI
Chief United States District Judge